UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-284-KSF

DONNIE R. GRAY                                                       PLAINTIFF

v.                            **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                   DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Donnie R. Gray, brought this action to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his request for waiver of overpayment of Social Security disability insurance benefits. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

In a decision dated February 25, 2000, Gray was determined to be disabled and entitled to payment of Disability Insurance Benefits ("DIB") commencing February 1, 1999. During this same period, Gray received Federal Black Lung benefits commencing on August 1, 1998, and Kentucky awarded and paid Gray state workers' compensation benefits commencing on August 9, 1998. The Department of Labor learned of Gray's receipt of state workers' compensation benefits and DIB and determined that he had been overpaid Black Lung benefits but waived recovery of such overpayment. Because Gray was receiving Black Lung and state workers' compensation benefits, he was determined to have been overpaid $53,898.00 in Social Security disability benefits from February

1

1999 through June 2003. Gray requested waiver of overpayment which was denied both initially and on reconsideration. A hearing was held on November 7, 2006. At the hearing Gray's wife testified that she personally took copies of the documentation regarding Gray's receipt of black lung benefits and state workers' compensation benefits to the Social Security office in Richmond. Gray testified that he reported his receipt of benefits as soon as he received them because his wife at the time took copies of everything to the Social Security Administration. On March 30, 2007, the ALJ determined that Gray was overpaid and was not without fault in causing the overpayment so waiver of overpayment could not be granted. The ALJ's decision became the final decision of the Commissioner on June 22, 2009, when the Appeals Council denied Gray's request of review.

### III.   STANDARD OF REVIEW

This Court reviews the ALJ's decision in social security cases to determine whether the ALJ's findings were supported by substantial evidence. 42 U.S.C. § 405(g). A decision is supported by substantial evidence where a reasonable mind could find that the evidence is adequate to support the conclusion reached. *Richardson v. Perales*, 402 U.S. 389 (1971). This Court may not reverse a decision supported by substantial evidence even if it might have arrived at a different conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

### IV.   ANALYSIS

The Social Security Act mandates repayment of overpayments except where an individual "is without fault" and "such adjustment or recovery would defeat the purpose of [the Social Security Act] or would be against equity and good conscience." 42 U.S.C. § 404(b). "Whether an individual is without fault depends on all the pertinent circumstances surrounding the overpayment in a particular case." *Id.* The finding depends on all of the circumstances in the case but an individual

will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from (a) failure to furnish information which the individual knew or should have known was material; (b) an incorrect statement which the individual knew or should have known was incorrect; or (c) acceptance of payment which the individual knew or could have expected to know was incorrect. *Id*.

In this case, there is no debate about whether an overpayment occurred; rather, the question before this Court is whether substantial evidence supports the ALJ's determination that Gray was not "without fault." The ALJ found that waiver of repayment was inappropriate for the reason that Gray was not "without fault" because he failed to furnish information which he knew or should have known to be material and he accepted payments which he knew or should have known were incorrect.

Gray argues that the ALJ's decision was not supported by substantial evidence because the ALJ did not make a specific credibility finding regarding Gray's testimony or the testimony of his ex-wife. At the hearing, Gray's ex-wife testified that she took documentation of his receipt of the Black Lung and workers' compensation benefits to the Social Security office. This Court finds that the decision shows that the ALJ properly considered the testimony in question. The ALJ summarized the testimony and found that Gray failed to provide evidence to support his claims that he took the information to the Social Security office thereby implicitly rejecting that testimony.

Gray also argues that the ALJ's finding that "[t]here is no evidence the claimant reported receipt of state workers' compensation benefits and federal black lung benefits to the Social Security Administration as alleged" is not supported by substantial evidence because Gray's ex-wife testified that she took documentation of his receipt of the Black Lung and workers' compensation benefits

to the Social Security office and Gray testified that he reported his receipt of benefits as soon as he received them through his wife taking copies of everything to the Social Security office. Additionally, Gray contends that the record contains the February 25, 2000, favorable decision which lists documents concerning both workers' compensation and Black Lung benefits as exhibits. The Commissioner argues that the Court cannot consider this documentation because it was not part of the record before the ALJ. The Court need not determine whether or not this material should be reviewed because the ALJ also found that Gray was not without fault because he knew or should have known that his continued receipt of DIB while also receiving workers' compensation and Black Lung benefits was improper. Gray does not challenge this finding and since it was supported by substantial evidence, the Court cannot disturb it. Gray was informed at the time that he applied for DIB that those benefits would be offset by workers' compensation payments. Thus, Gray knew or should have known that he was not entitled to receive the benefits. Further, Gray is not relieved of liability and is not without fault solely because the SSA may have been at fault in making the overpayment. 20 C.F.R. § 404.507.

Finally, Gray argues that the case should be remanded because such adjustment or recovery would defeat the purpose of the Social Security Act and would be against equity and good conscience. The ALJ did not reach this issue. Gray, however, contends that the case should be remanded for determination of this issue because he was "without fault." The burden is on the claimant to establish the negative prerequisite "without fault" before the SSA considers the second tier of the waiver statute (*i.e.*, whether recovery would defeat the purpose of Title XVI.). *Watson v. Sullivan*, 940 F.2d 168, 171 (6th Cir. 1991). Since the ALJ's decision that Gray did not establish that he met the first tier is supported by substantial evidence, the ALJ did not need to consider the second

tier nor does the Court need to review this claim further.

## V. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS**:

(1) the plaintiff's motion for extension of time [DE #7] is **GRANTED**;

(2) the plaintiff's motion for summary judgment [DE #9] is **DENIED**;

(3) the Commissioner's motion for summary judgment [DE #10] is **GRANTED**;

(4) the decision of the Commissioner is **AFFIRMED** as it was supported by substantial evidence; and

(5) a judgment will be entered contemporaneously with this Opinion and Order.

This June 23, 2010.

Signed By:
*Karl S. Forester*  KSF
United States Senior Judge